# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JACKIE E. HUGHES, | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 13 C 2081 |
| | ) |
| FORREST ASHBY, | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Petitioner Jackie E. Hughes' (Hughes) *pro se* petition for writ of habeas corpus (Petition) brought pursuant to 28 U.S.C. § 2254 (Section 2254). For the reasons stated below, the court denies the Petition.

## BACKGROUND

In 1999, the State's Attorney of Lake County charged Hughes with five counts of predatory criminal sexual assault of a child and five counts of aggravated criminal sexual abuse. (R Ex. D). Count VI of the indictment, which is relevant to the instant Petition, alleged that Hughes committed aggravated criminal sexual abuse. (R Ex. D). On December 28, 1999, the State moved to dismiss five counts, including Count VI, and such counts were dismissed. On December 30, 1999, the State petitioned to

1

have Hughes declared a sexually dangerous person (SDP) under the Sexually Dangerous Person Act, (SDPA), 725 ILCS 205/0.01, which allows for a commitment of individuals in lieu of a criminal prosecution for charged offenses. *See Varner v. Monohan*, 460 F.3d 861, 865 (7th Cir. 2006)(explaining that "Illinois has enacted the Sexually Dangerous Persons Act . . ., which authorizes the indefinite civil confinement of persons who have yet to be convicted of sex offenses but are deemed likely to endanger others").

At a jury trial on the SDPA petition, Hughes was found to be a SDP. However, on appeal the Illinois Appellate Court vacated the judgment and remanded the case for further proceedings.

On September 26, 2006, by agreement of the parties, the criminal matter was reopened and Hughes pled guilty to aggravated criminal sexual abuse in Count VI. In exchange, the State dismissed the remaining charges and the pending SDP petition. The parties agreed to a fourteen-year sentence for Hughes with credit for the time Hughes had spend in custody since July 21, 1999. Approximately two weeks after Hughes pled guilty, the State filed a petition to have Hughes declared a sexually violent person (SVP) and to have him committed under the Sexually Violent Persons Commitment Act (SVPA), 725 ILCS 207/1 *et seq.*, using Hughes' conviction as the predicate offense for the SVP determination. Hughes then moved to withdraw his guilty plea, contending that his plea was not made knowingly and voluntarily. The trial court denied the motion to withdraw the plea.

Hughes then filed an appeal, and on July 20, 2011, the Illinois Appellate Court

affirmed his conviction and sentence. Hughes then filed a petition for leave to appeal in the Illinois Supreme Court and on November 29, 2012, the Illinois Supreme Court affirmed his conviction and sentence. Hughes did not file a petition for writ of certiorari in the United State Supreme Court. On March 18, 2013, Hughes filed the instant Petition.

## LEGAL STANDARD

An individual in custody pursuant to state court judgment may seek a writ of habeas corpus pursuant to Section 2254, which provides the following:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The decision made by a state court is deemed to be contrary to clearly established federal law "'if the state court applies a rule different from the governing law set forth in [Supreme Court] cases, or if it decides a case differently than [the Supreme Court has] done on a set of materially indistinguishable facts.'" *Emerson v. Shaw*, 575 F.3d 680, 684 (7th Cir. 2009)(quoting *Bell v. Cone*, 535 U.S. 685, 694 (2002)). The decision by a state court is deemed to involve an unreasonable application of clearly established federal law "'if the state court correctly identifies

the governing legal principle from [Supreme Court] decisions but unreasonably applies it to the facts of the particular case.'" *Emerson*, 575 F.3d at 684 (quoting *Bell*, 535 U.S. at 694).

## DISCUSSION

Respondent argues that the instant Petition is improper, and lacks merit. Respondent also contends that the court should not issue a certificate of appealability.

I.  Petition

Respondent contends that the Petition should be denied, arguing that the Petition is improper and lacks merit.

    A.  "In Custody" Requirement

Respondent argues that Hughes' Petition is deficient on its face because he is not in custody as part of a sentence for his aggravated criminal sexual abuse conviction. The phrase "in custody" in Section 2254 has been interpreted to refer to when the petitioner is "'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). Hughes' Petition seeks to challenge his conviction for aggravated criminal sexual abuse that he pled guilty to on September 26, 2006. (Pet. 1-2). However, the record does not reflect that Hughes is being held in custody as part of a sentence for that

4

conviction. The record reflects that Hughes is currently being detained during SVPA pretrial proceedings. (R Ex. A). Thus, Hughes cannot invoke Section 2254 to challenge his aggravated criminal sexual abuse conviction since he is not being detained based on that conviction.

B. Challenge to Civil Commitment

Hughes also seeks in the Petition injunctive relief relating to his detention pursuant to the SVPA. *See Rogers v. Illinois Dept. of Corrections Special Evaluation Unit*, 160 F. Supp.2d 972, 977 (N.D. Ill. 2001)(indicating that a "petition for habeas corpus relief under 28 U.S.C. § 2254 . . . applies equally to both civil commitments and criminal convictions"). The record reflects that although Hughes is being detained in the SVPA case, the case is still at the pretrial stage. (Ex. A); (Ans. Pet. 9). Thus, Hughes must seek habeas relief under 28 U.S.C. § 2241. *Neville v. Cavanagh*, 611 F.2d 673, 675 (7th Cir. 1979)(stating that "[a]lthough habeas corpus is generally a post-conviction remedy, the federal courts in certain instances have jurisdiction under 28 U.S.C. s 2241(c)(3) . . . to grant writs of habeas corpus prior to trial to individuals in state custody"). However, Hughes cannot contest his civil commitment by arguing that his aggravated criminal sexual abuse conviction is not valid. *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 403-05 (2001). The Supreme Court has identified only one exception when a petitioner could challenge his prior conviction in such a situation: "where there was a failure to appoint counsel in violation of the Sixth Amendment. . . ." *Id.*; *see also Grigsby v.*

*Cotton*, 456 F.3d 727, 730 (7th Cir. 2006)(identifying the "single exception" recognized in *Lackawanna*). The exception is not applicable in this case since the record reflects that Hughes was represented by counsel during his criminal case both at the trial stage and on direct appeal. The court also notes that to the extent that the holding in *Lackawanna* identified a second potential exception, namely where "a habeas petition directed at [an] enhanced sentence may effectively be the first and only forum available for review of the prior conviction," that exception is also inapplicable in this case. 532 U.S. at 406. The record reflects that Hughes was able to pursue a state remedy in the state courts. Therefore, Hughes cannot contest his civil commitment in this habeas proceeding by attacking his conviction for aggravated criminal sexual abuse.

### C. Merits of Petition

Respondent also argues that even if the Petition was a proper vehicle by which to challenge Hughes' detention, the record clearly shows that the Petition lacks any merit. Hughes argues in the Petition: (1) that the trial court lacked jurisdiction over Hughes to accept his plea (Claim 1), and (2) that Hughes' plea of guilty was not made knowingly or voluntarily (Claim 2). In regard to Claim 1, Hughes argues that the state trial court failed to properly reinstate the criminal charges against him before accepting his plea of guilty. (Pet. 18). Hughes made this same argument before the Illinois Supreme Court, and the Illinois Supreme Court correctly explained that jurisdiction is conferred upon the Illinois state courts by the Illinois state

constitution. *People v. Hughes*, 983 N.E.2d 439, 447 (Ill. 2012). Thus, the issue of the jurisdiction of the trial court was purely an issue of state law, which means that Claim 1 is not a cognizable habeas claim. *See McCloud v. Deppisch*, 409 F.3d 869, 874 (7th Cir. 2005)(stating that "[s]tate law errors normally are not cognizable in habeas proceedings"). In regard to Claim 2, Hughes contends that his plea was not made knowingly or voluntarily because he was not advised at the time of his plea that he could be committed under the SVPA. Hughes presented this same argument to the Illinois Supreme Court, and the Illinois Supreme Court properly concluded that "a defendant need not be advised by the trial court of the collateral consequences of a guilty plea," and that Hughes therefore did not have to be advised as to the possibility of commitment under the SVPA. *Hughes*, 983 N.E.2d at 451. Nor has Hughes showed that his counsel's performance in regard to advising Hughes at the time of his plea fell below an objective standard of reasonableness or that Hughes was prejudiced by his counsel's actions. *See, e.g., Hill v. Lockhart*, 474 U.S. 52, 56 (1985)(explaining that the "longstanding test for determining the validity of a guilty plea is whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant" and explaining the standard for an ineffective assistance of counsel claim relating to a plea). Hughes has not shown in regard to Claim 1 or Claim 2 that the trial court's rulings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or resulted in a decision that was based on an unreasonable determination of the facts in light of the

7

evidence presented in the State court proceeding.  Based on the above, the Petition is denied.


IV.  Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the court must issue or deny a certificate of appealability "when it enters a final order adverse to the applicant."  *Id.*  A district court should only issue a certificate of appealability "if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The petitioner must also show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Slack v. McDonnell*, 529 U.S. 473, 484 (2000)(quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).  In the instant action, Hughes has not made a substantial showing of the denial of a constitutional right as to any claims presented in his Petition.  Nor has Hughes shown that reasonable jurists could debate whether the Petition should have been resolved in a different manner or that the issues presented in the Petition deserve encouragement to proceed further.  Therefore, should Hughes decide to appeal this court's ruling, this court finds that a certificate of appealability would not be warranted.


**CONCLUSION**

Based on the foregoing analysis, the Petition is denied and the court declines to issue a certificate of appealability.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: January 31, 2014